UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOHN PARLANTE, et al., | ) |
| | ) |
| Plaintiffs, | )   03:07-CV-00233-LRH-RAM |
| | ) |
| v. | ) |
| | )   <u>ORDER</u> |
| JOHN PASSALACQUA, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

Presently before the court are seven motions to dismiss filed by Defendants Elizabeth Wright, John Passalacqua, Savannah Cazares, Ruth Herbert, Lisa Travis, and Edward Fernando (#8[1], #10, #13, #14, #26, #39, #40).  Plaintiffs John Parlante and Satoko Parlante, pro se, have filed several oppositions to Defendants' motions (#15, #30, #34, #35, #42, #43).  In turn, Defendants have filed several replies (#27, #36, #37, #38, #44, #45).

Plaintiffs have also filed a motion for leave to amend their complaint (#49) to which Defendants have filed an opposition (#50).

**I.     Facts and Procedural History**

In Plaintiffs' First Amended Complaint, they allege the following[2]:

---

[1] Refers to the court's docket

[2] The allegations of Plaintiffs' complaint are treated as true for purposes of deciding Defendants' motions to dismiss.

1     **A. Defendant John Passalacqua**

2     Plaintiffs allege the following:

3     Defendant John Passalacqua was a managing attorney for Parents Advocates of Sacramento.

4     During this period, Passalacqua acted as Plaintiff Satoko Parlante's attorney in an action by

5     Sacramento County to terminate Satoko Parlante's parental rights.  Passalacqua also acted as a

6     supervising attorney for Hana Balfour in this action.  The action resulted in termination of Satoko

7     Parlante's parental rights over her child Ryuichi Parlante.

8     At a later date, Passalacqua contracted with Anders and Joan Tyslan to secure defacto

9     parental status over Ryuichi Parlante.  Passalacqua gave the Tyslans privileged information

10    obtained from Satoko Parlante.  Through his actions, Passalacqua allowed the Tyslans to possess

11    Ryuichi Parlante for two years, thereby denying Plaintiffs John and Satoko Parlante their child.

12    **B. Defendant Savannah Cazares**

13    Plaintiffs allege the following:

14    Defendant Savannah Cazares is a social worker employed by Sacramento County

15    Department of Health and Human Services.  In April or May of 2005, Cazares submitted a false

16    social worker's report, signed under penalty of perjury, to the Sacramento County Superior Court.

17    She submitted this report to induce the court to issue a court order stating that Plaintiff John

18    Parlante had been notified of various hearings in 2005 even though, in fact, he had not been

19    notified of these hearings.  From April 2005 until December 2005, Cazares also "skewed the

20    timeline" in many reports signed under penalty of perjury.  Further, Cazares reported that a piece of

21    plywood was going to fall on Plaintiffs' child Ryuichi Parlante when in fact the object was a

22    professionally constructed baby gate held in place with stainless steel screws.

23    **C. Defendant Ruth Herbert**

24    Plaintiffs allege the following:

25    Defendant Ruth Herbert is a Court Services Supervisor for the Sacramento County

26

2

1  Department of Health and Human Services.  Herbert was responsible for the seizure of Ryuichi

2  Parlante.  From November 11, 2004, until March 14, 2005, Herbert violated a Sacramento County

3  Superior Court order by refusing to offer services to Plaintiffs John and Satoko Parlante.  Further,

4  from December 16, 2004, until March 16, 2005, Herbert fabricated misleading reports.  Finally,

5  during a hearing in Sacramento from March 2, 2005, until March, 16, 2005, Herbert stated

6  Plaintiffs were offered services even though, in fact, no services were offered to them prior to

7  March 14, 2005.

8        **D.  Defendant Elizabeth Wright**

9        Plaintiffs allege the following:

10       Defendant Elizabeth Wright is an attorney for Sacramento County.  In September 2006,

11  Wright submitted a brief to the Third District Court of Appeal.  In this brief, which was signed

12  under penalty of perjury, Wright wrote that Ryuichi Parlante tested positive for amphetamines even

13  though, in fact, there was no evidence of drug use.

14       Prior to a contested hearing in a dependency case that spanned from March 2, 2007, until

15  March 16, 2007, Defendant Wright told Karoline Ebrahimoff to say on the witness stand that John

16  Parlante is paranoid.  Wright gave this instruction in order to continue the dependency case.

17       Wright also instructed Gwen Conklin and Defendant Savannah Cazares to fabricate due

18  diligence reports that would allow for a "judgment of residency in Oakland, California" even

19  though Wright knew John Parlante resided in Reno, Nevada.  Wright fabricated this report in order

20  to create the appearance that John Parlante could not be located.  Wright also misstated facts that

21  were stipulated years earlier in her respondent's brief filed in 2006.

22       Wright also concealed the location and contact information for Dr. Farghalli in violation of

23  a court order for discovery in March 2005 even though Wright "received the request for subpoena

24  and Dr. Farghalli was the first listed person."

25       Finally, Wright "was the mastermind behind trying to use every possible dirty trick to

26

1 | prevent child reunification due to her loss of face to Mr. Parlante who prevailed at the contested

2 | hearing in March of 2005."

3 |     **E.  Defendants Edward Fernando and Lisa Travis**

4 |     Plaintiffs allege the following:

5 |     On June 25, 2007, at approximately 3:30 p.m., Defendant Edward Fernando called Washoe

6 | County Department of Social Services from Sacramento at the request of Defendant Lisa Travis, an

7 | attorney for Sacramento County.  In this call, Defendant Fernando knowingly made a false report to

8 | create the appearance that a crime had been committed and that there was an emergency at John

9 | and Satoko Parlante's Reno residence.  Through this call, Fernando intended to derail–and in fact

10 | derailed–a contested detention hearing for Ryuichi Parlante.  This hearing was held in Sacramento

11 | from June 11, 2007, until it was abandoned on June 26, 2007.

12 |     When the hearing was abandoned on June 26, 2007, John Parlante had finished his

13 | appearance with the court, but the hearing could not continue because Satoko Parlante was

14 | prevented from taking the witness stand due to Fernando's call.  Thus, Satoko was not able to

15 | secure release of Ryuichi.  Also as a result of Fernando's call, Haruka Motomatsu and Sophia

16 | Parlante were seized for forty hours.

17 |     In the past the Parlante family enjoyed a happy setting.  Ryuichi Parlante was well cared for,

18 | well nourished, and never neglected or abused.  In the past two and a half years, Plaintiff Satoko

19 | Parlante has seen her child for one hour.  Plaintiff Satoko alleges she suffered humiliation during

20 | her visit with Ryuichi.  Further, Ryuichi was learning Japanese and English in 2005, but as of 2007,

21 | Ryuichi could not speak one word of Japanese.

22 |     Defendants Elizabeth Wright, John Passalacqua, Savannah Cazares, Ruth Herbert, Lisa

23 | Travis, and Edward Fernando have moved this court to dismiss Plaintiffs' complaint under Federal

24 | Rules of Civil Procedure 12(b)(1) & (2) on the basis that this court lacks subject-matter jurisdiction

25 | and has no personal jurisdiction over Defendants.

26 |

4

**II.    Legal Standard**

    **A.  Personal Jurisdiction**

When there is no applicable federal statute governing personal jurisdiction, this court must apply the law of the state in which the court sits. *Dole Food Co. v. Watts*, 303 F.3d 1104, 1110 (9th Cir. 2002). Because Nevada's long-arm jurisdictional statute permits the exercise of jurisdiction to the same extent as the United States Constitution, Nev. Rev. Stat. § 14.065, this court will "consider only the constitutional principles of due process, which require that [Defendants] have minimum contacts with Nevada 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002) (*quoting Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). There are two theories by which a court may assert personal jurisdiction: general jurisdiction and specific jurisdiction. The court will discuss each in turn.

    **1.    General Jurisdiction**

"General jurisdiction exists if the nonresident's contacts with the forum are continuous and systematic and the exercise of jurisdiction satisfies 'traditional notions of fair play and substantial justice.'" *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995). "This is an exacting standard . . . because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).

    **2.    Specific Jurisdiction**

The Ninth Circuit has established a three-prong test for analyzing an assertion of specific personal jurisdiction:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
(2) the claim must be one which arises out of or relates to the defendant's

5

1  forum-related activities; and
       (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e.
2  it must be reasonable.

3
*Id.* at 802.
4
   The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff
5  fails to satisfy either of these prongs, personal jurisdiction is not established in the forum
   state. If the plaintiff succeeds in satisfying both of the first two prongs, the burden then
6  shifts to the defendant to "present a compelling case" that the exercise of jurisdiction
   would not be reasonable.
7

8  *Id.* (citation omitted).

9       **3.       Procedure for Motion to Dismiss for Lack of Personal Jurisdiction**

10      When "a defendant moves to dismiss a complaint for lack of personal jurisdiction, the

11  plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Id.* at 800. If the

12  defendant's motion is based on written materials rather than an evidentiary hearing, "the plaintiff

13  need only make a prima facie showing of jurisdictional facts." *Id.* As such, the court "inquire[s]

14  into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal

15  jurisdiction." *Id.* Although the plaintiff cannot rest on the bare allegations of its complaint,

16  uncontroverted allegations in the complaint must be taken as true. *Id.* "Conflicts between parties

17  over statements contained in affidavits must be resolved in the plaintiff's favor." *Id.*

18  **III.   Discussion**

19      **A.  Defendant John Passalacqua**

20      Defendant Passalacqua moves for dismissal on the basis that this court lacks personal

21  jurisdiction over him. In support of his motion, Passalacqua attaches his declaration, which states

22  that (1) he resides in California; (2) all of the acts set forth in Plaintiff's initial complaint[3]

23  _____

24      [3] After Defendant Passalacqua filed his motion to dismiss, Plaintiffs filed the First Amended
    Complaint. While the arguments in Passalacqua's motion are, of course, directed toward the initial complaint,
25  the court finds that all of the arguments in this motion are also applicable to the First Amended Complaint.
    Moreover, Passalacqua has also filed a motion to dismiss Plaintiffs' First Amended Complaint, which reasserts
26  his challenge to this court's personal jurisdiction over him. Therefore, this court will construe the arguments

6

1   pertaining to him took place in Sacramento County, California; (3) he does not own property in

2   Nevada; and (4) he does not conduct business in Nevada.  (Declaration of John Passalacqua (#10)

3   at 1.)

4          In response, Plaintiffs argue that Passalacqua's former employer, Parents Advocates of

5   Sacramento, at any given time represents hundreds of clients, some of whom reside in Nevada.

6   Plaintiffs also argue that Parents Advocates of Sacramento is owned by Dale S. Wilson, the sole

7   administrator of the contract for indigent parents in California.  Plaintiff John Parlante notes that he

8   is a Nevada resident and is currently being represented by the law office of Mr. Wilson.

9          Plaintiffs have failed to show that this court has personal jurisdiction over Passalacqua.  As

10  an initial matter, Plaintiffs have presented no evidence in support of their contentions. To avoid

11  dismissal, Plaintiffs must come forward with evidence of personal jurisdiction once jurisdiction is

12  controverted by Passalacqua.  *See Schwarzenegger*, 374 F.3d at 800.  Plaintiffs have failed to meet

13  that burden.

14           Furthermore, even if Plaintiffs' contentions were properly supported, they are not sufficient

15  to show this court has personal jurisdiction over Passalacqua.  Passalacqua's uncontroverted

16  declaration states that he resides in California, he does not own property in Nevada, and he does not

17  conduct business in Nevada.  As such, Plaintiffs have failed to show that Passalacqua has

18  continuous and systematic contacts with Nevada sufficient to create general jurisdiction in this

19  court.

20          Turning to specific jurisdiction, Plaintiffs' arguments are again unsupported by any

21  evidence.  However, even if Plaintiffs' arguments were true, none show that Plaintiffs' claims arose

22  out of contacts Passalacqua may have had in Nevada.  Therefore, Passalacqua's motion to dismiss

23  under Federal Rule of Civil Procedure 12(b)(2) is granted.

24

25  _____

26  in Passalacqua's first motion to dismiss as directed toward Plaintiffs' First Amended Complaint.

**B.  Defendant Savannah Cazares**

Defendant Savannah Cazares argues that she lacks contacts with Nevada that would allow this court to assert general or specific personal jurisdiction over her.  In support of her argument, Cazares submits her declaration stating that she resides in California, she is employed in California, she does not own property in Nevada, and she does not conduct business in Nevada.  (Declaration of Savannah Cazares (#13) Ex. A at 1.)  With regard to specific jurisdiction, Cazares points out that none of the initial complaint's[4] allegations concerning her have any connection to Nevada.

Plaintiffs have not responded to any of Cazares's arguments or evidence concerning personal jurisdiction.  Thus, Plaintiffs have failed to make a prima facie showing of personal jurisdiction.  Cazares's motion to dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(2) is therefore granted.

**C.  Defendant Ruth Herbert**

Defendant Ruth Herbert argues that this court lacks general or specific personal jurisdiction over her, and therefore Plaintiffs' case against her must be dismissed.  In support of her argument that she is not subject to general jurisdiction in Nevada, Herbert submits her declaration, which states that she resides in California, she works in California, she does not own property in Nevada, and she does not conduct business in Nevada.  (Declaration of Ruth Herbert (#14) Ex. A at 1.)  With respect to specific jurisdiction, Herbert argues that all of the events concerning her alleged in Plaintiffs' initial complaint[5] occurred in Sacramento County, and therefore she could not have purposely availed herself or purposely directed her activities into Nevada.

In response, Plaintiffs argue that Herbert, in cooperation with other defendants, made it

---

[4] While Defendant Cazares's motion attacks the "initial complaint," the court finds that Cazares's arguments are fully applicable to the First Amended Complaint.  As such, this court will construe Cazares's motion as one to dismiss the First Amended Complaint.

[5] While Defendant Herbert's motion attacks the "initial complaint," the court finds that Herbert's arguments are fully applicable to the First Amended Complaint.  As such, this court will construe Herbert's motion as one to dismiss the First Amended Complaint.

1    appear than an emergency existed at the Reno, Nevada residence of Plaintiffs in June 2007 in order

2    to dissuade Plaintiff Satoko Parlante from taking the witness stand in Sacramento.  Plaintiffs state

3    that Herbert also likely directed the same in 2006.

4         Plaintiffs' response fails to present any evidence that Herbert is subject to personal

5    jurisdiction in Nevada.  Furthermore, Plaintiffs' argument that Herbert created the appearance of an

6    emergency in Reno, Nevada appears nowhere in the complaint.  Therefore, because Plaintiffs have

7    failed to make a prima facie showing of personal jurisdiction, Herbert's motion to dismiss under

8    Federal Rule of Civil Procedure 12(b)(2) is granted.

9         **D.  Defendant Elizabeth Wright**

10        Defendant Wright moves for dismissal on the basis that this court lacks general or specific

11   jurisdiction over her.  In support, Wright submits her declaration, which states that she resides in

12   California, she is employed in California, and all the events pertaining to her in the Plaintiffs'

13   initial complaint[6] took place in California.  (Declaration of Elizabeth Wright (#8) Ex. A at 1.)

14   Wright also argues that even accepting the initial complaint's allegations as true, there is no

15   indication that she purposely availed herself or purposely directed her activities into Nevada.

16        Plaintiffs in response argue that Wright "owns property in the TRPA district which also

17   includes Washoe County.  Therefore she may be considered to have ties to Nevada and the distance

18   from her second home on Venice Dr. in South Lake Tahoe to the US District Court is only 62 miles

19   by automobile."

20        Plaintiffs response fails to present evidence of this court's power to assert personal

21   jurisdiction over Wright.  Moreover, even if this court took the argument that Wright owns property

22   in the Tahoe Regional Planning Agency district as true, Plaintiff does not argue that this property

23   lies within Nevada.  Therefore, Plaintiffs have failed to make a prima facie showing that Wright is

24   _____

25        [6] While Defendant Wright filed her motion to dismiss before Plaintiffs filed their First Amended
     Complaint, Wright's arguments for dismissal are applicable to the First Amended Complaint.  Therefore, this
26   court will construe Wright's motion as one to dismiss the First Amended Complaint.

subject to general jurisdiction in Nevada.

With regard to specific jurisdiction, Plaintiffs do not provide any evidence showing that their case against Wright arises out of any contacts she may have had in Nevada.  Even taking the First Amended Complaint's allegations as true, these allegations do not contend that Wright had any contacts with Nevada.  Accordingly, Defendant Wright's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) is granted.

**E.  Defendants Edward Fernando and Lisa Travis**

Defendants Edward Fernando and Lisa Travis move for dismissal on the following bases: (1) Plaintiffs' First Amended Complaint naming them as defendants should be stricken as a fugitive pleading and (2) this court lacks personal jurisdiction over them.

**1.      First Amended Complaint**

Defendants Fernando and Travis argue that the First Amended Complaint, which adds them to this lawsuit, should be stricken because it does not comply with Federal Rule of Civil Procedure 15(a).  That is, because Plaintiffs filed the First Amended Complaint after Defendant Wright filed her motion to dismiss on June 19, 2007, Plaintiffs failed to comply with Rule 15(a), which requires a party to obtain leave of the court to amend a pleading after the party has been served with a responsive pleading.

Defendants' argument is without merit.  A motion to dismiss is not a "responsive pleading" under Rule 15(a).  *E.g.*, *Rhoades v. Avon Products, Inc.*, 504 F.3d 1151, 1158 n.5 (9th Cir. 2007); *CRST Van Expedite, Inc. v. Werner Enterprises, Inc.*, 479 F.3d 1099, 1104 n.3 (9th Cir. 2007). Therefore, Plaintiffs were not required to obtain this court's permission before filing the First Amended Complaint.

Defendants also argue that Plaintiffs' First Amended Complaint should be stricken because it does not comply with Federal Rule of Civil Procedure 21, which Defendants argue controls whether Plaintiffs can add them as additional parties in an amended complaint.  There is some

10

disagreement among courts as to whether a party must obtain leave of the court before adding or dropping a party in an amended pleading filed by right. *See generally Necessity of Leave of Court to Add or Drop Parties by Amended Pleading Filed Before Responsive Pleading Is Served, Under Rules 15(a) and 21 of Federal Rules of Civil Procedure*, 31 A.L.R. Fed. 752 (1977). This court, however, is of the view that Rule 15(a) controls amendment of pleadings by right even if the amendment adds a party. *Cf. Matthews Metals Products, Inc. v. RBM Precision Metals Products, Inc.*, 186 F.R.D. 581, 583 (N.D. Cal. 1999) (holding that leave of court is not required for an amendment adding a party prior to the filing of a responsive pleading). As stated in *Matthews*, Rule 21 "can correctly be viewed as a general provision dealing with adding and dropping parties, while Rule 15(a) is a more specific provision dealing with the particular means by which a party may do so by an amendment to the pleadings." *Id.* Therefore, Defendants' motion to strike the First Amended Complaint as a fugitive pleading is denied.

### 2. Personal Jurisdiction

Defendants Fernando and Travis argue this court lacks general or specific personal jurisdiction over them because there is no evidence in the record to support personal jurisdiction. Fernando and Travis's arguments are flawed because they never contravene Plaintiffs' allegations that Fernando and Travis had contacts with Nevada. Rather, at most Defendants argue only that Plaintiffs present *no evidence* that Defendants had contacts with Nevada. As discussed above, when "a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger*, 374 F.3d at 800. However, "[a]lthough the plaintiff cannot 'simply rest on the bare allegations of its complaint,' *uncontroverted allegations* in the complaint must be taken as true." *Id.* (emphasis added) (citations omitted).

Here, Defendants' argument that Plaintiffs have not presented evidence of personal jurisdiction does not actually controvert Plaintiffs' allegations that Defendants had contacts with

1   Nevada.  This point is important because, unless Defendants deny or contravene allegations that

2   they had contacts with Nevada, Plaintiffs do not need to present evidence of these contacts.

3          Nonetheless, this court still must determine whether Plaintiffs' allegations make a prima

4   facie showing of jurisdiction.  Plaintiffs' First Amended Complaint states that Travis ordered

5   Fernando to call Washoe County Social Services in Nevada for the purpose of derailing Ryuichi

6   Parlante's detention hearing in California.  Fernando then made this call, which created the

7   appearance that an emergency existed at John and Satoko Parlante's Reno residence.  The call

8   resulted in the derailing of the detention hearing and the seizure of Haruka Motomatsu and Sophia

9   Parlante for forty hours.

10         As discussed above, the Ninth Circuit applies a three-prong test when analyzing an assertion

11  of specific personal jurisdiction.  Within the first prong, the Ninth Circuit applies different tests

12  depending on whether the claim at issue concerns a tort or contract.  *See Ziegler v. Indian River*

13  *County*, 64 F.3d 470, 473 (9th Cir. 1995).  In tort cases, "jurisdiction may attach if an out-of-forum

14  defendant merely engages in conduct aimed at, and having effect in, the situs state."  *Id.*  This

15  standard has been deemed the "effects test" and is comprised of three requirements: "the defendant

16  allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3)

17  causing harm that the defendant knows is likely to be suffered in the forum state."  *Menken v. Emm*,

18  503 F.3d 1050, 1058 (9th Cir. 2007).  The "expressly aimed" requirement of this test is met when

19  the defendant is "alleged to have engaged in wrongful conduct targeted at a plaintiff whom the

20  defendant knows to be a resident of the forum state."  *Id.* at 1059.

21         Plaintiffs have not specified what causes of action they are relying upon in their claims

22  against Travis and Fernando.  However, upon review of the complaint, it appears Plaintiffs are

23  alleging that Defendants committed wrongful conduct by making a call from California to Washoe

24  County Community Services in Nevada.  Accordingly, the court finds that Plaintiffs claims against

25  Travis and Fernando are more accurately described as alleging a tort rather than a breach of

26

12

1  contract action.  Thus, this court will analyze the first prong of the specific jurisdiction analysis

2  under the "effects test."

3                            **a.        The "Effects Test"**

4                            **i.        Intentional Act**

5          Plaintiffs have successfully alleged that Defendants committed an intentional act.  In their

6  complaint, Plaintiffs allege that "Lisa Travis *intentionally and willfully* ordered Edward Fernando

7  to call Washoe County Social services for the purpose of derailing a contested detention hearing . . .

8  ." (First Amended Complaint (#12) at 9) (emphasis added).  Further, Plaintiffs allege that "Edward

9  Fernando . . . called Washoe County Department of Social Services . . . *to make a knowingly false*

10  *report for the purpose of derailing* a contested detention hearing . . . ." *Id.* at 8 (emphasis added).

11  These allegations are sufficient to meet the first requirement of the effects test.

12                            **ii.        Expressly Aimed at Nevada**

13         Plaintiffs have also successfully alleged that Defendants' expressly aimed their intentional

14  acts at Nevada.  Plaintiffs allege (1) that Travis ordered Fernando to call Washoe County Social

15  Services and (2) Fernando called Washoe County Department of Social Services.  *See* (First

16  Amended Complaint (#12) at 8-9.)

17         These allegations are sufficient fulfill to the second requirement of the effects test.  The

18  allegation that Defendants called or ordered a call to Washoe County Department of Social

19  Services is sufficient to show that their actions were directed at Nevada.  Furthermore, the court can

20  fairly infer[7] that Plaintiffs allege Fernando and Travis knew they resided in Nevada given the

21  allegation that Fernando's call was made to create the alleged appearance that an emergency existed

22  at Plaintiffs' Nevada residence.  Thus, the "expressly aimed" requirement of the effects test is met

23  because Plaintiffs have alleged Defendants engaged in wrongful conduct targeted at Plaintiffs

24  _____

25         [7] "A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully
   pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[]' . . . ." *Erickson*
26  *v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citation omitted).

1    whom Defendants knew to be residents of Nevada.

2                        **iii.    Causing Harm Defendants Knew Would Be Suffered in**

3                                 **Nevada**

4         Plaintiffs have also sufficiently alleged the third requirement of the effects test.  Because the

5    complaint infers Defendants knew Plaintiffs lived in Nevada, Plaintiffs' allegation that Defendants'

6    wrongdoing resulted in nonrelease of Plaintiffs' child Ryuichi to them sufficiently alleges that

7    Defendants knew that harm from their acts would be suffered by Plaintiffs in Nevada.  Therefore,

8    because Plaintiffs have met all three requirements of the effects test, they have also fulfilled the

9    first prong of the specific jurisdiction analysis.

10                        **b.    Forum-Related Conduct**

11        Plaintiffs have also sufficiently alleged that their claims arise out of Defendants' forum-

12   related activity.  The Ninth Circuit measures this requirement using a "but for" causation analysis.

13   *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1088 (9th Cir. 2000).  Here, because

14   Plaintiffs have alleged that nonrelease of their child Ryuichi was caused by Defendants' call to

15   Nevada, Plaintiffs have shown their claim arises out of Defendants' forum-related activity.

16                        **c.    Reasonableness**

17        Due process also requires that exercise of personal jurisdiction comport with fair play and

18   substantial justice; that is, jurisdiction must be reasonable.  If the plaintiff succeeds in satisfying

19   both of the first two prongs of the specific jurisdiction analysis, the burden then shifts to the

20   defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable.

21   *Schwarzenegger*, 374 F.3d at 802.

22        A court considers seven factors in weighing reasonableness:

23        (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2)
          the burden on the defendant of defending in the forum; (3) the extent of conflict with the
24        sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the
          dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance
25        of the forum to the plaintiff's interest in convenient and effective relief; and (7) the
          existence of an alternative forum.

26

*Harris Rutsky & Co. Ins. Services v. Bell & Clements Ltd.*, 328 F.3d 1122, 1132 (9th Cir. 2003). None of these factors is dispositive; rather, the court must balance all seven. *Id.*

### i.      Extent of Purposeful Interjection

With regard to the extent of Defendants' purposeful interjection into Nevada's affairs, the court finds that any purposeful interjection was minimal.  While Plaintiffs' call into Nevada is certainly an integral part of their claim against Travis and Fernando, the gravamen of Plaintiffs' complaint is that Defendants intended to disrupt Ryuichi Parlante's custody hearing in California. Thus, Defendants' allegedly wrongful conduct was ultimately aimed at California, not Nevada.

### ii.      Burden on Defendants

The burden to Defendants Travis and Fernando of litigating in Nevada is equal to Plaintiffs' burden in litigating in California.  "Where burdens are equal, this factor tips in favor of the defendants because the law of personal jurisdiction is 'primarily concerned with the defendant's burden.'" *Ziegler v. Indian River County*, 64 F.3d 470, 475 (9th Cir. 1995).

### iii.      Extent of Conflict with the Sovereignty of California

The court finds that jurisdiction in Nevada is inconsistent with California's sovereignty. The case involves the complex question of why Ryuichi was not released to Plaintiffs through the custody hearing in Sacramento and the extent to which Defendants' phone call contributed to this nonrelease.  Given that family law is almost exclusively the domain of state courts and there are related issues of causation and immunities that implicate state law, this court concludes that the reasons for Ryuichi's nonrelease would best be interpreted in California, where Ryuichi's custody hearing occurred.

### iv.      Nevada's Interest in Adjudicating the Dispute

This factor weighs in favor of Defendants.  While Nevada maintains a strong interest in protecting its residents who wish to sue for redress of torts, *see Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1200 (9th Cir. 1988); *Cummings v. W. Trial Lawyers Ass'n*, 133 F. Supp. 2d 1144, 1162

1   (D. Ariz. 2001), California has at least equal interest in protecting the integrity of proceedings

2   involving custody of children in California.

### v.      The Most Efficient Judicial Resolution of the Controversy

4   The most efficient judicial resolution of this controversy would be in California.  Plaintiffs'

5   complaint asserts claims against five defendants, all of whom reside in California.  This court has

6   already dismissed Defendants Wright, Herbert, and Cazares from this suit due to lack of personal

7   jurisdiction.  Because Plaintiffs' claims against each defendant involve the common question of

8   why Ryuichi Parlante was seized, detained, and not released to Plaintiffs, the most efficient

9   resolution of this controversy would be in California, where all the defendants are presumably

10  subject to personal jurisdiction.

### vi.      Importance of Nevada to Plaintiffs' Interest in Convenient
### and Effective Relief

13  Of course it will always be more convenient for a plaintiffs to litigate in the state of his or

14  her residence.  Thus, this factor weighs in favor of Plaintiffs.  However, the weight of this factor is

15  mitigated by the Ninth Circuit's observation that "neither the Supreme Court nor our court has

16  given much weight to inconvenience to the plaintiff." *Ziegler*, 64 F.3d at 476.

### vii.      The Existence of an Alternative Forum

18  California is an alternative forum for this dispute.  Accordingly, this factor weighs in favor

19  of Defendants.

### viii.      Balancing the Seven Factors

21  Six of the seven reasonableness factors weigh in favor of Defendants Travis and Fernando.

22  As to the one remaining factor–importance of Nevada to Plaintiffs' interest in convenient and

23  effective relief–as noted above, this factor does not carry significant weight.  Thus, because six

24  factors weigh in favor of Defendants Travis and Fernando, the court concludes they have succeeded

25  in showing a compelling case that jurisdiction in Nevada would be unreasonable.  As such,

26

1  subjecting these two defendants to personal jurisdiction in Nevada would offend traditional notions

2  of fair play and substantial justice.  Defendants' motions to dismiss pursuant to Federal Rule of

3  Procedure 12(b)(2) are therefore granted.

4           **F.  Motion for Leave to Amend the First Amended Complaint**

5           Plaintiffs have filed a "Motion for Leave to Amend Complaint to Conform with Proof."

6  Defendants correctly point out that no evidence has yet been presented in this case; therefore, a

7  motion to conform to proof is not well taken at this juncture.  However, it seems clear that

8  Plaintiffs intended their motion as a motion for leave to amend the First Amended Complaint.

9  Accordingly, the court will construe Plaintiffs' motion as one made under Rule 15(a)(2).

10          The court will deny Plaintiffs' motion.  After review of the proposed Second Amended

11 Complaint, it appears its allegations do not cure any of the First Amended Complaint's deficiencies

12 concerning personal jurisdiction over Defendants.  Granting leave to amend would therefore be

13 futile to Plaintiffs' case, as it would suffer from the same jurisdictional defects.  *See Saul v. United*

14 *States*, 928 F.2d 829, 843 (9th Cir. 1991) ("A district court does not err in denying leave to amend

15 where the amendment would be futile or where the amended complaint would be subject to

16 dismissal.") (citation omitted).

17          IT IS THEREFORE ORDERED that Defendant Elizabeth Wright's motion to dismiss (#8)

18 is GRANTED.

19          IT IS FURTHER ORDERED that Defendant John Passalacqua's motions to dismiss (#10 &

20 #26) is GRANTED.

21          IT IS FURTHER ORDERED that Defendant Savannah Cazares's motion to dismiss (#13)

22 is GRANTED.

23          IT IS FURTHER ORDERED that Defendant Ruth Herbert's motion to dismiss (#14) is

24 GRANTED.

25          IT IS FURTHER ORDERED that Defendant Lisa Travis's motion to dismiss (#39) is

26

1 GRANTED.

2     IT IS FURTHER ORDERED that Defendant Edward Fernando's motion to dismiss (#40) is

3 GRANTED.

4     IT IS FURTHER ORDERED that Plaintiffs' motion to amend (#49) is DENIED.

5     The Court Clerk is directed to enter judgment accordingly.

6     IT IS SO ORDERED.

7     DATED this 7th day of March, 2008.

8

9

10                                   _____

11                                   LARRY R. HICKS
                                    UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26