UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN PARLANTE, et al., | |
| Plaintiffs, | 03:07-CV-00233-LRH-RAM |
| v. | ORDER |
| JOHN PASSALACQUA, et al., | |
| Defendants. | |

Presently before the court is Plaintiffs John Parlante and Satoko Parlante's (pro se) motion for reconsideration (#56[1]) of this court's dismissal, on grounds of personal jurisdiction, of Defendants Lisa Travis and Edward Fernando (#54). The Parlantes also request this court to "transfer the documents regarding [the defendants] to the Federal District Court Eastern District of California." (Mot. for Reconsid. (#56) at 1.) Travis and Fernando have responded both to the request for transfer and motion for reconsideration (#58), and Defendant John Passalacqua has responded to the request for transfer (#57).

**I. Facts and Procedural History**

This case arises out of a California family law proceeding in which the parental rights of Satoko Parlante were at issue. (First Am. Compl. (#12) at 1-11.) According to the Parlantes'

---
[1] Refers to court's docket number

complaint, all of the defendants are various officials that are or have been involved in the family law proceedings. (*Id*.) In particular, Travis is or was an attorney for Sacramento County, and she instructed Fernando–presumably an employee of Sacramento County–to call the Washoe County Department of Social Services in order to "derail" a contested detention hearing for the Parlante's child. (March 7, 2008, Order (#54) at 4.) Though it is not clear what claims the Parlantes advance against the defendants, the Parlantes clearly allege wrongful conduct. (First Am. Compl. (#12) at 11.)

On March 10, 2008, this court entered judgment dismissing Travis, Fernando, Passalacqua, and all other defendants for lack of personal jurisdiction. (March 7, 2008, Order (#54) at 17-18.) While the court found that the Parlantes' uncontroverted allegations supported personal jurisdiction over Travis and Fernando on the basis of the "effects test," the court determined that the exercise of personal jurisdiction over Travis and Fernando did not comport with fair play and substantial justice. (*Id*. at 14-17.)

On March 18, 2008, the Parlantes moved for reconsideration of the seven-factor test upon which this court found personal jurisdiction over Travis and Fernando unreasonable. (Mot. for Reconsid. (#56) at 1-6.)

**II. Discussion**

The Parlantes' motion for reconsideration was filed less than ten days following the entry of judgment. Therefore, their motion is properly treated as a "motion to alter or amend a judgment" pursuant to Federal Rule of Civil Procedure 59(e). *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 397 (9th Cir. 1992); Fed. R. Civ. P. 59(e).

It is appropriate for a court to alter or amend judgment under Rule 59(e) if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). However,

1  while a Rule 59(e) motion may simply rehash arguments previously made, *Clipper Express v.*
2  *Rocky Mountain Motor Tariff*, 690 F.2d 1240, 1249 (9th Cir. 1982), "[a] Rule 59(e) motion may
3  not be used to raise arguments . . . for the first time when they could reasonably have been raised
4  earlier in the litigation," *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

5        Here, the Parlantes' motion for reconsideration responds to the court's application of a
6  seven-factor test in determining the reasonableness of exercising jurisdiction over Travis and
7  Fernando.  While this falls within the acceptable bounds of a Rule 59(e) motion, the Parlantes'
8  argument does not convince the court that its initial decision was clearly erroneous or manifestly
9  unjust.  The factors still weigh in favor of declining to exercise jurisdiction over Travis and
10 Fernando.

11       In its initial ruling on the defendants' motions to dismiss, the court considered the following
12 seven factors in determining the reasonableness of asserting personal jurisdiction:

13 > (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2)
14 > the burden on the defendant of defending in the forum; (3) the extent of conflict with
> the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the
> dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance
15 > of the forum to the plaintiff's interest in convenient and effective relief; and (7) the
> existence of an alternative forum.
16

17 *Harris Rutsky & Co. Ins. Services v. Bell & Clements Ltd.*, 328 F.3d 1122, 1132 (9th Cir. 2003).
18 The Parlantes' addressed factors (1) through (5) in their Rule 59(e) motion.

19       First, the Parlantes argue that Travis and Fernando's conduct purposely disturbed a request
20 to transfer the Parlantes' child to Nevada.  Therefore, the defendants aimed their conduct at
21 Nevada's affairs.  However, since the defendants allegedly sought to undermine the transfer of the
22 child from the California child welfare system, the forum at which Defendants' aimed their conduct
23 was California.  Following the Parlantes' own logic, Defendants would have opposed the transfer
24 regardless of the location from which the request was made.  This implies that the defendants'
25 actions were more directed at keeping the child in California than preventing the child from
26

3

transferring to Nevada (or any other state).

Second, the Parlantes suggest that the burden of trying their case in California outweighs the defendants' burden of defending in Nevada. This argument relies on an interpretation of the Nevada Rules of Civil Procedure. As Travis and Fernando point out, the Parlantes' discussion of Nevada Rules of Civil Procedure in relation to the impossibility of compelling witnesses to testify in California is legally erroneous. The Nevada Rules of Civil Procedure would not dictate procedural issues in a federal action within the Eastern District of California.

In response to the court's discussion of the third factor, the Parlantes claim that California's interests would be best served "if it were able to act upon truthful statements." (Mot. for Reconsid. (#56) at 4.) This argument does not address why Nevada's sovereignty would be better served by extending jurisdiction to Travis and Fernando. Therefore, the Parlantes' argument has no bearing on the court's weighing of this factor.

Fourth, the Parlantes contend that, since they live in Nevada, Nevada has an interest in adjudicating the family law dispute. This interest does not outweigh California's interest in adjudicating the case since the dispute concerns the integrity of California's child welfare system and since the defendants are allegedly employees of the state of California's child welfare system.

Fifth, the Parlantes posit that efficiency considerations should not outweigh Travis and Fernando's alleged malfeasance. Given the absence of evidence for the legally conclusory allegation that Travis and Fernando "violated Nevada law" (Mot. for Reconsid. (#56) at 5), the court does not find this position persuasive.

To the extent that the Parlantes raise new arguments in their Rule 59(e) motion, these arguments are precluded from consideration because they could reasonably have been raised earlier in the litigation. *Carroll*, 342 F.3d at 945. To the extent that the Parlantes base their argument on new evidence–for example, the Parlantes outline more factual background surrounding the California proceedings–this evidence is not "newly discovered." Since the evidence was in the

4

Parlantes' possession prior to the Rule 59(e) motion, it is not newly discovered and does not entitle the Parlantes to relief. 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2859 (2d ed. 1995). In any event, after again considering the seven factors relevant to the reasonableness of asserting personal jurisdiction, this court finds no manifest injustice in declining jurisdiction over Travis and Fernando.

Finally, the Parlantes' request for the "transfer of documents" to the Eastern District of California is misplaced. Since the court dismissed the action for lack of personal jurisdiction, the action may not be transferred. *Hollyanne Corp. v. Taft, Inc.*, 199 F.3d 1304 (Fed. Cir. 1999). While the Parlantes may file their case in California, this court's involvement has ended.

IT IS THEREFORE ORDERED that the Parlantes' motion for reconsideration (#56) is hereby DENIED.

IT IS FURTHER ORDERED that the Parlantes' request for transfer (#56) is DENIED.

IT IS SO ORDERED.

DATED this 7th day of August, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

5